UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-69-FDW

| MARVIN GREEN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| WHITEVILLE HOSPITAL, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).

**I.  BACKGROUND**

*Pro se* Plaintiff Marvin Green is currently incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He appears to seek relief on behalf of his deceased biological father, Willie Sammy Smith, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] He names as Defendants: Whiteville Hospital "and its Agent(s)," Columbus County Sheriff Office "and its Agent(s)," and the Veterans Administration "and its Agent(s)." (Doc. No. 1 at 1).

Construing the allegations liberally, Plaintiff appears to allege that his father was treated

---

[1] Section 1983 and Bivens both impose liability on government actors for constitution violations; § 1983 applies to state actors and Bivens applies to federal actors. See generally Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006). Although Plaintiff does not specifically cite Bivens, the Court will liberally construe the *pro se* allegations so as to give effect to their substance, rather than their form. See Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); United States v. Morgan, 346 U.S. 502, 505 (1954) ( "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief.").

by Whiteville Hospital on January 11 through 13, 2018. The Columbus County Sheriff's Office informed Plaintiff on January 19, 2018, that his father had died, and that his death was caused by Whiteville Hospital. Plaintiff told the Sheriff's Office that his father had died in South Carolina, so the "agent" told him to "take [his] complaint up with South Carolina." (Doc. No. 1 at 2). Plaintiff contacted a South Carolina "authority" at Horry County Police in South Carolina "to no avail." (Doc. No. 1 at 3). People's Funeral Home was responsible for removing the body without authority or proper identification and buried him on January 19, 2018. The funeral home told Plaintiff that burial arrangements were being handled by the wife and children, but Plaintiff knew something was wrong because his father was not married. Staff hung up on him. The funeral home gave the Veteran's Administration false and/or fraudulent information "to defraud the Military of its resources." (Doc. No. 1 at 4). The City of Whiteville failed to inspect the City police policy and procedure that caused his father's death, and failed to notify the County of all the hospital's deficiencies. He appears to allege that the Veteran's Administration failed to properly identify Plaintiff's father and determine his next of kin. (Doc. No. 1 at 5).

Plaintiff seeks injunctive relief, damages, and free representation by counsel.

**II.    DISCUSSION**

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C.

§ 1391(c)(1). A business entity such as a corporation "shall be deemed to reside, if a Defendant, in any judicial district in which such Defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989).

Plaintiff presently resides in Tennessee, it appears the Defendants are located in Whiteville, North Carolina, and the majority of the events at issue are alleged to have occurred in Whiteville, North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[2] venue would be proper in the Eastern District of North Carolina or the Middle District

---

[2] The Court expresses no opinion about Plaintiff's standing or the continuing procedural viability or merit of his case.

of Tennessee, because the Eastern District of North Carolina appears to be where a substantial part of the events or omissions giving rise to the claims occurred, and where the Defendants appear to be located, and Plaintiff resides in the Middle District of Tennessee.

### III.     CONLUSION

For the reasons stated herein, this action will be transferred to the Eastern District of North Carolina, where the majority of the events at issue are alleged to have occurred and where the Defendants appear to be located.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the Eastern District of North Carolina

Signed: February 8, 2018

Frank D. Whitney
Chief United States District Judge